**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON PAGE, | No. 20-16978 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-01359-DAD-JDP |
| v. | |
| S. GATES, Chief Health Case Appeals Branch; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Jason Page appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017). We affirm.

The district court properly dismissed Page's action because Page failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[T]o state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**